Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| CONSEJO DE TITULARES DEL CONDOMINIO SAN MARTÍN<br><br>Peticionario<br><br>v.<br><br>PEDRO VIRELLA ROJAS Y SU ESPOSA LUISA FERMÍN Y LA SOCIEDAD LEGAL DE GANANCIALES CONSTITUIDA ENTRE AMBOS<br><br>Recurridos | TA2026CE00055 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.: K CM2012-1871<br><br>Sobre: Cobro de Dinero, Regal 60 |
|---|---|---|

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de enero de 2026.

Comparece ante este tribunal apelativo, el Consejo de Titulares del Condominio San Martín, (San Martín o parte peticionaria) mediante el recurso de *certiorari* de epígrafe solicitándonos que revisemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 12 de diciembre de 2025, notificada el 15 de diciembre siguiente. Mediante este dictamen, el foro primario declaró *No Ha Lugar* a la *Moción Solicitando Continuación de Ejecución de Sentencia* presentada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, desestimamos el auto de *certiorari* solicitado por falta de jurisdicción ante su presentación prematura.

**I.**

El presente caso tiene su génesis el 19 de julio de 2012 con la presentación de una demanda por cobro de dinero incoada por San

Martín contra el Sr. Pedro Virella Rojas, la Sra. Luisa Fermín y la Sociedad de Bienes Gananciales compuesta por ambos (matrimonio Virella-Fermín o parte recurrida). Luego del debido proceso judicial, el 24 de octubre de 2012, notificada el 29 posterior, el TPI emitió una *Sentencia* en rebeldía declarando *Ha Lugar* a la demanda.

Inicialmente, el 9 de enero de 2013 San Martín presentó una *Moción en Solicitud de Orden de Embargo en Ejecución de Sentencia y Sometiendo Proyectos de Orden y Mandamiento*. Mediante el referido escrito, la parte peticionaria solicitó al tribunal la ejecución de la *Sentencia* del 24 de octubre de 2012, a través del embargo de los bienes inmuebles y su venta en pública subasta.

El 16 de abril de 2013, notificada el 18 del mismo mes y año, el TPI emitió una Orden declarando *Ha Lugar* a la solicitud de ejecución de sentencia. Según consta en el expediente electrónico, **el dictamen se notificó a todas las partes, incluyendo al representante legal en aquel entonces de San Martín, y al matrimonio Virella-Fermín**. Posteriormente, el 26 de abril, se emitió el debido *Mandamiento para la Ejecución de la Sentencia*.

El 22 de octubre de 2013, San Martín presentó un escrito intitulado *Moción en Solicitud de Orden de Embargo.* En este solicitó la expedición de una orden, al Registro de la Propiedad, para la anotación del embargo como gravamen sobre el inmueble sito en el condominio San Martín, el cual pertenece a la parte recurrida. El 1 de noviembre de 2013, el TPI emitió una Orden declarando *Ha Lugar* a la *Moción en Solicitud de Orden de Embargo* presentada por la peticionaria y le ordenó al Registrador de la Propiedad, Sección Primera de San Juan, a anotar el embargo sobre la propiedad inmueble.

Luego de varios incidentes procesales, innecesarios pormenorizar, y por no haberse concretizado el embargo ni la venta en pública subasta, el 14 de octubre de 2025, San Martín presentó

una *Moción Solicitando Continuación de Ejecución de Sentencia y Moción Solicitando Orden de Anotación de Embargo*. Mediante dicho escrito, la parte peticionaria arguyó que el matrimonio Virella-Fermín no ha cumplido con la *Sentencia* final y firme notificada el 29 de octubre de 2012. Así, solicitó permiso del tribunal al amparo de la Regla 51.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R.51.1, para la ejecución. **Dicho escrito, se notificó a la parte recurrida según exige la referida norma.**

El 12 de diciembre de 2025, notificada el 15 de diciembre posterior, el TPI emitió la *Orden* recurrida mediante la que determinó: "NO HA LUGAR. SE EXCEDI[Ó] POR AÑOS DEL T[É]RMINO ESTABLECIDO EN LA REGLA 51.1 DE PROCEDIMIENTO CIVIL". Dicha orden se notificó únicamente al Sr. Raúl Barreras, presidente de la Junta Directiva del Condominio San Martín. El 15 de diciembre de 2025, la Secretaría del TPI emitió la *Notificación Enmendada,* en la que incluyó notificación a la licenciada Class Hernández, representante legal de San Martín. **Destacamos que este dictamen no se le notificó al matrimonio Virella-Fermín.**

Inconforme con la decisión, la parte peticionaria acude ante este foro apelativo imputándole al foro primario haber incurrido en el siguiente error:

> ERRÓ EL TPI AL DENEGAR LA MOCIÓN SOLICITANDO CONTINUACIÓN DE EJECUCIÓN DE SENTENCIA BAJO EL ÚNICO FUNDAMENTO QUE TRANSCURRIÓ EL TÉRMINO ESTABLECIDO EN LA R. 51.1 DE PROCEDIMIENTO CIVIL, AÚN CUANDO LA PROPIA REGLA 51.1 Y LA JURISPRUDENCIA INTERPRETATIVA PERMITEN QUE SE AUTORICE LA EJECUCIÓN DE SENTENCIA LUEGO DE TRANSCURRIR LOS 5 AÑOS.

El 20 de enero de 2026, emitimos una *Resolución* ordenándole a la parte peticionaria la presentación de la notificación original de

la que recurre, con el fin de auscultar nuestra jurisdicción.[1] El 21 de enero siguiente, se cumplió con lo ordenado, por lo que nos damos por cumplidos.

Examinados el recurso y el expediente apelativo, y acorde con la determinación arribada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

## II.

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar v. Aut. Edif. Púb.*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia, sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima,

---

[1] La parte peticionaria solo incluyó con su recurso la notificación enmendada, a partir de la cual comienza a transcurrir el término para acudir en alzada. Sin embargo, dicha notificación se enmendó para incluir, adicionalmente, solo a la licenciada Class Hernández y nada disponía sobre a quién se le envió la notificación inicial.

disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.,* 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.,* 153 DPR 357, 367 (2001).

Como corolario de lo antes expuesto, la Regla 83 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 116-117, 215 DPR __ (2025), dispone lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> (...)
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.
>
> [...]

De otra parte, en *Torres Alvarado v. Madera Atiles,* 202 DPR 495 (2019), nuestro alto foro reiteró la importancia y los requisitos de la notificación. Así, la notificación de un dictamen judicial es un requisito con el que se debe cumplir como parte del debido proceso

de ley en su vertiente procesal, de manera que el ciudadano afectado pueda enterarse de la decisión que se ha tomado en su contra. *Íd.*, a la pág. 501. Esta no solo es parte integral de una actuación judicial, sino que además determina cuándo comienza a de cursar los términos para recurrir de cualquier determinación final. *Íd.*, a las págs. 501-502. Por tanto, "una notificación defectuosa puede conllevar graves consecuencias, demoras e impedimentos en el proceso judicial, así como crear un ambiente de incertidumbre sobre cuándo comienza a transcurrir el término para acudir a un tribunal de mayor jerarquía para revisar el dictamen recurrido. [nota al calce omitida]". *Íd.*, a la pág. 502. En consecuencia, una notificación defectuosa impide que comience a transcurrir el término para recurrir de cualquier determinación final, ya sea judicial o administrativa. *Íd.*

Por su parte, la Regla 51.1 de las Reglas de las de Procedimiento Civil, 32 LPRA Ap. V., R. 51.1, en lo pertinente, establece que la parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta regla, en cualquier tiempo dentro de cinco (5) años de ésta ser firme. Preceptúa, además, que expirado dicho término, la sentencia podrá ejecutarse mediante una autorización del tribunal, **a moción de parte y previa notificación a todas las partes**.

Asimismo, la Regla 65.3 de las Reglas de las de Procedimiento Civil, 32 LPRA Ap. V., R. 65.3, dispone la forma en que un tribunal tiene que notificar sus órdenes y sentencias a las partes. Específicamente, la aludida norma señala:

> (a) Inmediatamente después de archivarse en autos copia de la notificación del registro y archivo de una orden, resolución o sentencia, el Secretario o la Secretaria notificará tal archivo en la misma fecha a todas las partes que hayan comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales estas reglas requieran una notificación del archivo en autos de una orden, resolución o sentencia

[...]

A su vez, la Regla 67.1 de las Reglas de las de Procedimiento Civil, 32 LPRA Ap. V., R. 67.1, dispone que:

> **Se notificará a todas las partes toda orden emitida por el tribunal y todo escrito presentado por las partes.** La notificación se efectuará el mismo día en que se emita la orden o se presente el escrito. No será necesario notificar a las partes en rebeldía por falta de comparecencia, **excepto que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes** se les notificarán en la forma dispuesta en la Regla 4.4 o, en su defecto, por la Regla 4.6, para diligenciar emplazamientos. (Énfasis nuestro)

### III.

Analizado el recurso ante nuestra consideración, nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que debe ser resuelto con preferencia a cualquiera otra cuestión. Ello, aun cuando ninguna de las partes lo haya argumentado o solicitado.

Según surge del expediente electrónico, la parte peticionaria presentó la correspondiente *Moción Solicitando Continuación de Ejecución de Sentencia...*, ello al amparo de la Regla 51.1 de las de Procedimiento Civil, *supra.* Conforme lo exige esta regla, San Martín notificó esta moción al matrimonio Virella-Fermín a la última dirección conocida. Sin embargo, la *Orden* recurrida emitida por el TPI y notificada el 15 de diciembre, resolviendo el pedido, no se le notificó a la parte recurrida, según mandata nuestro derecho procesal civil.

Enfatizamos que el propósito principal de la notificación es que la parte afectada por una determinación judicial, luego de transcurrido un tiempo considerable de que esta haya advenido firme, tenga la oportunidad de expresarse por escrito al respecto en caso de que tenga alguna defensa que anteponer a tal gestión. *Banco Terr. y Agricola de Puerto Rico v. Marcial*, 44 DPR 129, 132 (1932). Como corolario de esto, la notificación de un dictamen judicial es un requisito con el que se debe cumplir como parte del debido proceso

de ley en su vertiente procesal, de manera que el ciudadano afectado pueda enterarse de la decisión que se ha tomado en su contra. *Torres Alvarado v. Madera Atiles*, supra, a la pág. 501. Lo que implica que la parte que puede verse perjudicada por la determinación que emita el tribunal, tiene derecho a conocer las mociones y órdenes post sentencia, en especial, cuando como ocurre en este pleito, lo decretado pudiera afectar derechos propietarios. Por tanto, no cabe duda de que, conforme las particulares de este caso, la falta en notificarle al matrimonio Virella-Fermín violenta el debido proceso de ley.

Así pues, de acuerdo con nuestro derecho procesal civil, este tipo de mecanismo post sentencia debe ser notificado a todas las partes. Solo de esta manera se cumple con el debido proceso de ley en su vertiente procesal, con cuya notificación comienza a transcurrir el término para recurrir en alzada.

De otra parte, precisa subrayar que, aun cuando la parte recurrida estaba en rebeldía al dictarse la *Sentencia*, los remedios que se solicitan en contra del matrimonio Virella-Fermín son nuevos y adicionales, por tratarse del proceso post sentencia. Por ello, conforme con la exigencia de la notificación del petitorio de la ejecución de la sentencia, en contra de la parte que se presenta según requiere la Regla 51.1, antes citada, el tribunal tiene que notificar a todas las partes la determinación. Recalcamos que este deber de notificar estos dictámenes resolutorios post sentencia no constituye un mero requisito impuesto por las Reglas de Procedimiento Civil, sino que es parte integral de una actuación judicial. Esto, máxime cuando su imperiosidad radica en que los remedios post sentencia forman parte del debido proceso de ley. *Falcón Padilla v. Maldonado Quirós*, 138 DPR 983, 989 (1995).

Advertimos que la falta de notificación impide que comience a transcurrir el término para recurrir de cualquier determinación

final, ya sea judicial o administrativa. *Torres Alvarado v. Madera Atiles*, supra. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, supra, a la pág.192.

En fin, y como consecuencia de que el dictamen recurrido no ha sido notificado a la parte recurrida, nos encontramos ante un recurso prematuro que impide que asumamos jurisdicción. Por lo tanto, hasta que el TPI no le notifique al matrimonio Virella-Fermín la determinación resolviendo el pedido de ejecución de sentencia instado por San Martín, no comenzará a decursar el término para acudir a este foro apelativo.

**IV.**

Por los fundamentos antes expuestos, se desestima el recurso por falta de jurisdicción ante su presentación prematura.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones